**Paul M. Sanders**
Office Address:
24246 Old Wagon Rd.
Escondido Ca. 92027
Phone: 1-760-705-4899
Email: paulmsanders@yahoo.com
**PLAINTIFF PRO SE**

2010 MAR 10 PM 3: 13

# UNITED STATES DISTICT COURT

## FOR THE

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PAUL M. SANDERS**, an individual,<br><br>**Plaintiff,**<br><br><br><br><br><br>**PALOMAR MEDICAL CENTER,**<br>a corporation, **Dr. Ryan L. Nelkin,**<br>an individual, and **DOES 1 -20 et al.,**<br><br>**Defendants.** | CASE NO.<br>**'10 CV 0514     MMA AJB**<br>**COMPLAINT**<br>Emergency Medical<br>Treatment and Active<br>Labor Act<br>(42 U.S.C. 1395dd)<br>Federal Health Insurance<br>Portability and<br>Accountability Act of<br>1996 (HIPAA)<br><br>**JURY TRIAL DEMAND** |

**Plaintiff Alleges:**
1. Plaintiff Paul M. Sanders ("Plaintiff") brings this complaint for

violations of 42 U.S.C. 1395dd, also known as the Emergency Medical Treatment

and Active Labor Act, Public Law 104-191 also known as the Federal Health

Insurance Portability and Accountability Act of 1996 (HIPAA) and for

supplemental state law medical malpractice claims.

**Page 1 – COMPLAINT**



2. The court's jurisdiction arises under 28 U.S.C. 1331 and 42 U.S.C. 1395dd. Plaintiff has also alleged state law claims for medical malpractice, all of which derive from a common nucleus of operative fact. The court has supplemental jurisdiction over these claims under 28 U.S.C. 1367, because they are so related to the claims in Counts I thru V that they form part of the same case or controversy under Article III of the United States Constitution.

3. Plaintiff was a legal resident of San Diego County, California and had no medical insurance when the violations of 42 U.S.C.1395dd allegedly occurred.

4. Defendant Palomar Medical Center ("Hospital") is a corporation which at all times owned, operated and managed Hospital, an acute care hospital providing services to members of the general public, such as Plaintiff.

5. Hospital is a participating hospital within the meaning of 42 U.S.C. 1395dd.

6. Defendant Dr. Ryan L. Nelkin ("Dr. Nelkin") and other unknown Hospital physicians ("Doctors") at all times material held themselves out to be a physician licensed to practice medicine in the State of California, practicing in the specialties of general medicine and emergency room medicine.

7. For the care complained of here, Plaintiff became a patient of Hospital, Dr. Nelkin and Doctors on or about December 7, 2009.

**8.** At all time material to the allegations in the Complaint, Hospital had a hospital emergency room department. ("Department")

**9.** On or about December 7, 2009, Plaintiff suffered from chest pains and very high blood pressure and went to the Neighborhood Healthcare ("Clinic") in the city of Escondido, San Diego County California and saw an Amy Carney F.N.P. ("Carney") and was sent by Carney to Hospital's emergency room Department.

**10.** On arrival at the Department, Plaintiff suffered from an emergency medical condition.

**11.** Request was made by Carney and Plaintiff for evaluation and Treatment.

**12.** Dr. Nelkin and Doctors evaluated Plaintiff in the Department.

**13.** At all times material to this complaint, Dr. Nelkin and Doctors were acting as an employee, apparent employee, agent or servant of Hospital, acting within the scope of their employment, apparent employment, agency or master-servant relationship.

## COUNT I

14. Plaintiff realleges and incorporates by reference Paragraphs 1 through 13.

15.   Hospital, acting through its employees, apparent employees, agent or contractors, determined that Plaintiff had an emergency medical condition when he presented himself to the Department.

16.   Hospital, acting through its employees, apparent employees, agent or contractors, failed to provide an appropriate medical screening examination, within the capacity of its Department, including routinely available ancillary services, to determine if an emergency medical condition existed.

17.   Hospital, acting through its employees, apparent employees, agent or contractors, failed to provide medical treatment necessary to stabilize Plaintiff's dangerously high Blood Pressure by performing an exam that was complaint based and which failed to address affected and potentially affected systems evident by the medical information available to hospital from triage and tests performed by Hospital, made false statements and omissions in the Department's records that included but was not limited to, not recording discharge vitals in the hospital records and ignoring medical history given by Plaintiff, so as to appear compliant with 42 U.S.C.1395dd et seq. and by discharging Plaintiff in an unstable condition based on criteria that was not based on the medical evidence available to Hospital because of Hospital's perception that he lacked medical insurance.

**18.** Hospital's actions or inactions violated 42 U.S.C.1395dd et seq.

**19.** As an approximate result of Hospital's failure to appropriately screen, exam and treat Plaintiff for his complaints of chest pain and high blood pressure, the causation of these conditions went untreated and worsened to the point that it was necessary for Clinic's Dr. Smarandache to re-refer Plaintiff to Hospital's Department on February 2, 2010, under the exact same conditions as on December 7, 2009 except that Plaintiff now had Insurance, and at this time Hospital admitted Plaintiff for 2 days and stabilized his symptoms of chest pains and unusually high Blood pressure, which Hospital failed to do prior. Plaintiff obtained medical insurance from San Diego County Medical Services which paid for his December 7, 2009 visit to Hospital's Department but took (5) five weeks to be initialized after December 7, 2009, which left Plaintiff with no Medical alternatives for this 5 week period, due to Hospital being the only emergency care facility in the City of Escondido. Plaintiff had no faith that he would adequately treated by Hospital without insurance and because he had no funds to re-visit Clinic, had to endure dangerously high blood pressure for this period of time with unknown damage to affected systems because the medicines prescribed were not working to lower his blood pressure, all of which caused Plaintiff to suffer unnecessary physical and emotional pain due to a natural fear of eminent death, physical damage to his organs and possible vegetative states due to stroke, as a result of the delay in the diagnosis and failure by Hospital to stabilize Plaintiff's emergency medical condition, on December 7, 2009.

**Page 5 – COMPLAINT**

**WHEREFORE,** Plaintiff requests an award of compensatory damages against Hospital for pre and post-judgment interests and for other and further relief as is permitted by law.

## COUNT II

20. Plaintiff realleges and incorporates by reference Paragraphs 1 through 19.

21. Dr. Nelkin and Doctors failed to use the skill and care ordinarily used by reasonably well trained emergency room physicians, given due consideration for the locality involved. In failing to properly diagnose and stabilize the proximate cause of Plaintiff's obvious high blood pressure and complaints of chest pain and in ignoring Plaintiff's original complaints of chest pain, Dr Nelkin and Doctors showed a conscious disregard for the safety and well being of Plaintiff.

22. As a proximate result of Dr. Nelkin and Doctor's negligence and gross negligence Plaintiff suffered the damages as set forth in Paragraph 19.

**WHEREFORE,** Plaintiff requests an award of compensatory damages against Hospital for pre and post-judgment interests and for other and further relief as is permitted by law.

## COUNT III

23. Plaintiff realleges and incorporates by reference Paragraphs 1 through 22.

Page 6 – COMPLAINT

24. At all times relevant, Dr Nelkin and Doctors was an apparent employee of Hospital, acting within the scope of their employment.

25. Hospital allowed Dr. Nelkin and Doctors to perform services for Plaintiff that were accepted under the belief that the services were being rendered by Hospital or its servants. In doing so Hospital held out that Dr. Nelkin and Doctors as its employees and Plaintiff looked to Hospital for care. Additionally, Hospital represented Dr. Nelkin and Doctors as its agent or employee and thereby caused Plaintiff to justifiably rely on the skill or care of Dr. Nelkin and Doctors.

26. As a proximate result Plaintiff suffered the damages set forth in Paragraph 19.

**WHEREFORE,** Plaintiff requests an award of compensatory damages against Hospital for pre and post-judgment interests and for other and further relief as is permitted by law.

### COUNT IV

27. Plaintiff realleges and incorporates by reference Paragraphs 1 through 26

28. At all times material to this complaint Dr. Nelkin and Doctors was an employee of Hospital acting within the scope of their employment.

29. As a proximate result Plaintiff suffered the damages set forth in Paragraph 19.

**WHEREFORE,** Plaintiff requests an award of compensatory damages against

**Page 7 – COMPLAINT**

Hospital for pre and post-judgment interests and for other and further relief as is permitted by law

## COUNT V

30. Plaintiff realleges and incorporates by reference Paragraphs 1 through 29.

31. Hospital failed to exercise ordinary care and failed to possess and apply the knowledge and to use the skill and care of reasonably well-qualified hospitals under the circumstances giving due consideration of the locality involved. Its negligence included, but was not limited to, failing to have in place proper procedures and protocols for the evaluation of patients in its emergency rooms such as Plaintiff, failing to properly educate or have in effect proper protocols and procedures to educate Hospital Doctors as to Hospital's responsibilities under 42 U.S.C. 1395dd, negligently dumping Plaintiff as a patient based upon the perception of Plaintiff's inability to pay for services rendered, releasing of protected information contained in Plaintiff's medical file maintained by Hospital in violation of the Federal Health Insurance Portability and Accountability Act of 1996 (HIPAA) in an effort to be paid for services rendered Plaintiff by Hospital on December 7, 2010, purposeful denials in Hospital records of Plaintiff's original complaints at triage in the Department, failing to document the discharge vitals of Plaintiff in Hospital records and by negligently granting, maintaining and failing to terminate the staff privileges of Dr. Nelkin and Doctors.

32. As a proximate result Plaintiff suffered the damages set forth in Paragraph 19.

**WHEREFORE,** Plaintiff requests an award of compensatory damages against Hospital for pre and post-judgment interests and for other and further relief as is permitted by law.

DATED: 3/8 2010

SUBMITTED BY: _____Paul M Sanders_____
                     Plaintiff Pro SE

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
PAUL M. SANDERS

**DEFENDANTS**
PALOMAR MEDICAL CENTER,
DR. RYAN L. NELKIN

(b) County of Residence of First Listed Plaintiff **SAN DIEGO**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **SAN DIEGO**
2010 MAR -9 PM 9: 13
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.
SOUTHERN DISTRICT OF CALIFORNIA

(c) Attorney's (Firm Name, Address, and Telephone Number)
PLAINTIFF PRO SE

Attorneys (If Known)

'10 CV 0514 MMA AJB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☒ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  |  / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USCA 1395dd - EMERGENCY MEDICAL TREATMENT AND ACTIVE LABOR ACT
Brief description of cause:
PATIENT DUMPING / MEDICAL MALPRACTICE

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 3/8/2010
SIGNATURE OF ATTORNEY OF RECORD
Paul M Sanders

**FOR OFFICE USE ONLY**
RECEIPT # IFP Pending  AMOUNT ___  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___

CR